JASON W. PEAK (SBN 7131)
SEAN H. LANCASTER (SBN 16420)
LAXALT LAW GROUP, LTD.
9790 Gateway Dr., Ste. 200
Reno, Nevada 89521
Tel: 775-322-1170
Fax: 775-322-1865
jpeak@laxaltlaw.com
slancaster@laxaltlaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AMERICAN FIRE WIRE, INC., a domestic corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MAESTRO INTEGRATIONS, LLC, a foreign corporation; and DOES 1 through 10, inclusive. <br><br> Defendants. | Case No.: <br><br> Dept No.: |

## COMPLAINT

AMERICAN FIRE WIRE, INC., by and through its counsel, Jason W. Peak and Sean H. Lancaster of and for Laxalt Law Group, Ltd., hereby allege and avers as follows:

### I. PARTIES

1. AMERICAN FIRE WIRE, INC. ("AFW" and/or "Plaintiff") is a corporation formed under the laws of the State of Nevada and doing business in the State of Nevada, with its principal place of business located in Douglas County, Nevada.

2. MAESTRO INTEGRATIONS, LLC ("Maestro" and/or "Defendant") is a limited liability company formed under the laws of the State of Texas and doing business in the State of Nevada, with its principal place of business located in Austin, Texas. Upon information and belief, the members of Maestro are John Cerda and Joseph Trevino. Upon information and belief, John Cerda is a citizen of Texas. Upon information and belief, Joseph Trevino is a citizen of Texas.

3.  Plaintiffs do not know the true names or capacities of those Defendants sued as DOES 1-10 (collectively, together with Maestro, "Defendants"). Therefore, Plaintiffs sue Defendant Does 1-10, and each of them, by such fictitious names. Plaintiffs are informed and believe, and thereupon allege, that each of said Defendants Does 1-10 is an individual, corporation, limited liability company, partnership, association, or other legal entity that is legally responsible under the causes of action pled herein based on their involvement in the actions upon which Plaintiffs base this Complaint and that each of said Defendant Does 1-10 proximately caused damages to Plaintiffs. Plaintiffs pray that when they ascertain the true names and capacities of said Doe Defendants, they may be inserted herein with appropriate allegations.

## II. JURISDICTION AND VENUE

4.  Jurisdiction is proper in this Court under 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

5.  Jurisdiction is proper in this Court because the actions by Defendants giving rise to this Complaint occurred in or were otherwise targeted toward Douglas County, Nevada.

6.  Venue is appropriate in this Court because AFW is incorporated in the State of Nevada, AFW has its principal place of business in Douglas County, Nevada, and the Defendants' conduct giving rise to this complaint, occurred in or were otherwise targeted toward Douglas County, Nevada.

## GENERAL ALLEGATIONS

7.  AFW is Nevada corporation engaged in design, production, procurement, licensing, and/or sale of in-building Distributed Antena Systems (DAS) systems and parts which are used to contact emergency responders in the event of fires or other emergencies.

8.  Maestro is a Texas company engaged in the installation, procurement, and/or sale of in-building Distributed Antena Systems (DAS) systems.

9.  In or around February, 2021 AFW entered into a written contract ("the Contract") with Defendants.

10. The Contract was entered into in part or in whole in the state of Nevada.

11. Under the terms of the Contract, AFW agreed to perform certain services for Defendants regarding the design, sale, permitting, training, and other activities related to the sale and installation of DAS systems.

12. Defendants agreed to perform certain services for AFW regarding the installation and local project management of DAS system installations.

13. In addition to the promises to perform the duties described above, the Contract included a profit-sharing agreement under which AFW was entitled to 40% of the revenue generated by each installation project.

14. The Contract had a term of three years.

15. During the term of the Contract, Defendants failed to timely pay AFW on multiple occasions.

16. At the end of the 3-year term of the Contract, the parties agreed to extend the terms the Contract for an additional six (6) months ("the Agreement") with the intent to enter a long-term contract to be negotiated during those six months.

17. The Agreement extended the terms and obligations of the Contract with certain modifications which were memorialized in writing by a memorandum on or about April 25, 2024.

18. Under the terms of the Agreement, AFW was entitled to 36% of the revenue generated by each installation project.

19. During the term of the Agreement, AFW learned that Defendants had made certain unfounded, disparaging comments about AFW and had suggested it may not pay AFW.

20. AFW continued to perform its obligations under the Agreement.

21. Ultimately, Defendants failed to pay AFW the money to which AFW was entitled, thereby breaching a material term of the agreement.

22. At the time of Defendants' breach, AFW had performed in excess of $225,000.00 of work of which Defendants retained the benefits thereof.

23. The Agreement expired on August 22, 2024.

24. On or about October 29, 2024 AFW sent Defendants a letter stating that, as the parties had not been able to reach a long-term agreement, AFW would no longer provide services for Defendants.

25. AFW requested Defendants cease using any and all of AFW's intellectual property and/or trade secret information.

26. Defendants did not respond to AFW's letter.

27. To date, Defendants have not paid AFW the money to which AFW was entitled under the Agreement.

## FIRST CLAIM FOR RELIEF

(Breach of Contract)

28. AFW hereby incorporates the allegations in paragraphs 1 through 26 as if fully set forth herein.

29. The Agreement entered into by AFW and Defendants, constitutes a valid and existing written contract between the parties.

30. Under the Agreement, AFW was entitled to 36% of the revenues generated by each installation project.

31. Defendants materially breached the Agreement by violating material terms of the agreement and failing to perform all obligations required of Defendants under the terms of the Agreement, including but not limited to failing to pay AFW the money to which AFW was contractually entitled

32. Defendants' breach was unexcused.

33. At the time of Defendants' breach, AFW had performed all acts and conditions required of it by the terms of the Agreement.

34. To the extent there may be alleged unperformed acts and conditions which AFW was obligated to perform, Defendants are barred from raising them by the principles of waiver, laches, or estoppel.

35. At the time of Defendants' breach, AFW had performed work whose value was in excess of $225,000.00 and which value Defendants have retained to their sole benefit.

36. AFW is entitled to recover damages from the breach of the Agreement, including lost profit and expectancy damages.

37. As a direct and proximate result of Defendants' material breach of the Agreement, AFW has suffered damages well in excess of $75,000.00

38. As a direct and proximate result of Defendants' material breach, AFW has been forced to retain the services of an attorney to pursue this action, and AFW is entitled to attorney's fees and costs incurred herein.

**SECOND CLAIM FOR RELIEF**

(Breach of the Covenant of Good Faith and Fair Dealing)

39. AFW hereby incorporates the allegations in paragraphs 1 through 38 as if fully set forth herein.

40. The covenant of good faith and fair dealing was and is an implied term, condition, and/or covenant of the Agreement.

41. AFW reasonably relied on Defendants to satisfy their obligations under the Agreement.

42. AFW reasonably expected to obtain the bargained for benefits to which it was entitled under the Agreement, including but not limited to payment by Defendants.

43. Defendants unfairly and unjustifiably prevented AFW from reaping full benefits and rights due to AFW under the contract.

44. Defendants breached the covenant of good faith and fair dealing.

45. At the time of Defendants' breach, AFW had performed all acts and conditions required of it by the terms of the Agreement.

46. As a direct and proximate result of Defendants' material breach of the Agreement, AFW has suffered damages well in excess of $75,000.00

47. As a direct and proximate result of Defendants' material breach, AFW has been forced to retain the services of an attorney to pursue this action, and AFW is entitled to attorney's fees and costs incurred herein.

///

**WHEREFORE**, Plaintiff prays for entry of judgment against Defendants as follows:

1. For an award of damages against the Defendants in excess of $75,000.00 in an amount to be proven at trial;
2. For reasonable attorney's fees and costs incurred herein; and
3. For such other relief as the Court deems just and proper.

DATED this 14th day of November, 2024.

LAXALT LAW GROUP, LTD.

*(signature)*

JASON W. PEAK, ESQ.  (SBN 7131)
SEAN H. LANCASTER, ESQ. (SBN 16420)
9790 Gateway Drive, Ste. 200
Reno, Nevada 89521
*Attorneys for Plaintiff*