Charles E. Gianelloni, Esq.
Nevada Bar No. 12747
Christian P. Ogata, Esq.
Nevada Bar No. 15612
SNELL & WILMER L.L.P.
1700 S. Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email:   cgianelloni@swlaw.com
         cogata@swlaw.com

*Attorneys for Defendant Maestro Integrations, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AMERICAN FIRE WIRE, INC., a domestic corporation,<br><br>Plaintiff<br><br>v.<br><br>MAESTRO INTEGRATIONS, LLC, a foreign corporation; and DOES 1 through 10, inclusive,<br><br>Defendants | Case No.  3:24-cv-00517-MMD-CSD<br><br>**Stipulation and Order Permitting Limited Jurisdictional Discovery and Setting Briefing Deadline** |

Plaintiff American Fire Wire, Inc. and specially appearing defendant Maestro Integrations, LLC, stipulate to allow the parties to conduct limited jurisdictional discovery within 60 days of the signing of a limited discovery plan and to set a briefing deadline following the period of jurisdictional discovery:

1. Specially appearing defendant Maestro filed its motion to dismiss for lack of personal jurisdiction on January 6, 2025. American Fire Wire filed a timely Opposition on January 21, 2024. In its Opposition, American Fire Wire argues there is sufficient evidence to establish personal jurisdiction over Maestro in this matter. However, out of an abundance of caution, American Fire Wire requested, as alternative relief, limited jurisdictional discovery if the Court deems additional evidence necessary to determine if personal jurisdiction exists. To streamline

4934-5678-6455

1  briefing, Maestro offered and American Fire Wire has agreed to a limited set of written discovery
2  and one deposition per side.

3  2. Federal Rule of Civil Procedure 26(d)(1) permits parties to stipulate to conduct
4  discovery before conducting a conference required by Rule 26(f). Consistent with that rule, courts
5  may order limited jurisdictional discovery if "pertinent facts bearing on the question of jurisdiction
6  are controverted."[1]

7  3. The parties have agreed to a limited set of jurisdictional discovery for a period of 60
8  days that includes:

### a. Scope of discovery

The scope of discovery for this period shall be limited to the parties' disputes related to whether specific personal jurisdiction exists over Maestro. This includes the facts asserted in the parties' respective declarations submitted as part of the briefing on the motions.

### b. Written discovery requests

#### i. Number of requests

- 15 interrogatories per side
- 15 requests for production of documents per side
- 5 requests for admission per side

#### ii. Additional requests

If either side believes additional written discovery requests are necessary, that party may, after making a good faith effort to meet and confer under LR IA 1-3(f), seek additional discovery requests upon a showing of good cause.

### c. Depositions

#### i. Number of depositions

The parties agree to one deposition per side of the individual who signed the declaration submitted in support of the opposing party's brief.

---

[1] *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

4934-5678-6455

**ii. Form of depositions**

The parties agree to conduct the depositions remotely under Rule 30(b)(4). The depositions are not to exceed two hours each.

4. Separately, the parties agree that supplemental briefing on the motion may be necessary following the limited discovery period and thus have agreed to permit American Fire Wire to file a supplement to its opposition within 14 days after the close of the discovery period and for Maestro to file its reply in support of the motion within 14 days after American Fire Wire files its supplement.

5. Thus, the parties respectfully request that this Court: (1) permit the parties to conduct a 60-day limited jurisdictional discovery period, as outlined in this stipulation; (2) permit American Fire Wire to file a supplemental brief in opposition to Maestro's deadline within 14 days after the close of the discovery period; and (3) extend Maestro's deadline to file its reply in support of its motion to 14 days after American Fire Wire files its supplemental brief.

IT IS SO STIPULATED.

| | |
|---|---|
| DATED: February 11, 2025 | DATED: February 11, 2025 |
| SNELL & WILMER L.L.P. | LAXALT LAW GROUP, LTD. |
| By: */s/ Christian Ogata* <br> Charles E. Gianelloni (NV Bar No. 12747) <br> Christian P. Ogata (NV Bar No. 15612) <br> 1700 S. Pavilion Center Drive, Suite 700 <br> Las Vegas, Nevada 89135 <br><br> *Attorneys for Defendant Maestro Integrations, LLC* | By: */s/ Sean Lancaster* <br> Jason W. Peak (NV Bar No. 7131) <br> Sean H. Lancaster (NV Bar No. 16420) <br> 9790 Gateway Drive, Ste. 200 <br> Reno, Nevada 89521 <br><br> *Attorneys for Plaintiff American Fire Wire, Inc.* |

4934-5678-6455

## ORDER

Good cause appearing, **IT IS HEREBY ORDERED that the parties' stipulation is GRANTED**. The parties have 60 days to conduct limited jurisdictional discovery. Each side shall be allowed to propound 15 interrogatories, 15 requests for production, and 5 requests for admission, each. Should either party believe additional written discovery requests are necessary, the party may, following a good faith effort to meet and confer, seek additional requests from the court upon a showing of good cause. Each party may conduct one deposition of the individual who signed the declaration submitted in support of the opposing party's brief, not to exceed two hours, and conducted remotely.

**IT IS FURTHER ORDERED** that following the discovery period, Plaintiff shall have 14 days to file a supplement to its Opposition to Maestro's motion. Maestro shall then have 14 days to file its reply in support of its motion to dismiss.

**IT IS SO ORDERED**.

DATED: February 12, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

4934-5678-6455